**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | |
|---|---|
| JOSHUA A. WOLF, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 16-3334-CV-S-MDH |
| ) | |
| JAY CASSADY, ) | |
| ) | |
| Respondent. ) | |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Pending is Petitioner's petition for writ of habeas corpus. (Doc. 30.) For the following reasons, the petition is **DENIED** and the Court declines to issue a certificate of appealability.

## I.   BACKGROUND

Petitioner was sixteen years old when he was convicted of first-degree murder, armed criminal action, and second-degree arson in 2001. He was sentenced to life in prison without the possibility of parole. In March 2013, Petitioner filed a writ of habeas corpus with the Missouri Supreme Court, arguing "his sentence was unconstitutional, because he was sentenced to mandatory life without parole for a homicide he committed as a minor." (Doc. 30, p. 6.)[1] In March 2016, the Missouri Supreme Court granted in part and denied in part Petitioner's request. The Court stated that due to the enactment of Missouri Revised Statute § 558.047, petitioner would be eligible for parole after serving twenty-five years of his original sentence.

Petitioner then instituted this proceeding. However, due to uncertainty as to whether Petitioner had exhausted all available state remedies, the Court stayed this action. (Doc. 23.) Petitioner then filed another petition for a writ of habeas corpus in state court, this time challenging

---

[1] All page numbers refer to the Court's CM/ECF system and may not match the original pagination.

the constitutionality of § 558.047. The Circuit Court of Cole County denied his petition and the Missouri Court of Appeals affirmed. In July 2018, Petitioner filed another petition directly in the Supreme Court of Missouri, which similarly denied the petition.

On August 9, 2018, Petitioner filed an amended petition for writ of habeas corpus with this Court. (Doc. 30.) In his petition for writ of habeas corpus, Petitioner brings two arguments. First, Petitioner argues his sentence is unconstitutional under Supreme Court precedent which prohibits sentencing juveniles to life without parole without also considering the juvenile's individual circumstances. Second, Petitioner argues that denying habeas relief would violate his right to Equal Protection under the Fourteenth Amendment. The Government argues that Petitioner's first claim is moot because a § 558.047 allows Petitioner to be considered for parole after he has served twenty-five years of his sentence. Thus, the Government argues, Petitioner is no longer serving an unconstitutional sentence of life without the possibility of parole as a juvenile. The Government also argues that the parole hearing contemplated by Missouri law is an adequate and meaningful opportunity for release as set forth in *Miller v. Alabama*. The Court resolves the parties' arguments below.

## II. <u>DISCUSSION</u>

Under the Antiterrorism and Effective Death Penalty Act, a district court can grant habeas relief only if a state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or . . . resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C § 2254(d). A decision is contrary to or involves an unreasonable application of Federal law if it is "in conflict with" Federal law. *Williams v. Taylor*, 529 U.S. 362, 388 (2000). "[I]t is not an unreasonable application of clearly

established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by [the U.S. Supreme Court]." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009)). This determination requires federal judges to "attend with the utmost care to state-court decisions, including all of the reasons supporting their decisions, before concluding that those proceedings were infected by constitutional error sufficiently serious to warrant the issuance of the writ." *Williams v. Taylor*, 529 U.S. at 386.

## A. Supreme Court Precedent

Petitioner first claims that his sentence is unconstitutional in light of *Roper v. Simmons*; *Graham v. Florida*; and *Miller v. Alabama*. In *Roper*, the Supreme Court held that the execution of individuals who were minors at the time of their offense violates the Eighth and Fourteenth Amendments. *Roper v. Simmons*, 543 U.S. 551, 568 (2005). In *Graham*, the Supreme Court held that (1) the Eighth Amendment prohibits imposing a sentence of life without parole on juvenile offenders who have not committed homicide, and (2) the State must give nonhomicide juvenile offenders sentenced to life without parole a "meaningful" opportunity to obtain release. *Graham v. Florida*, 560 U.S. 48, 74–75 (2010). The Supreme Court extended this reasoning in *Miller*, holding that the Eighth Amendment "forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." *Miller v. Alabama*, 567 U.S. 460, 479 (2012). Subsequently, in *Montgomery v. Louisiana,* the Supreme Court found *Miller*'s holding to be substantive law that must be applied retroactively. *Montgomery v. Louisiana,* 136 S. Ct. 718, 734 (2016).

In light of *Montgomery*, the Missouri legislature passed Senate Bill 590, 98th General Assembly (codified as Mo. Rev. Stat. § 558.047.) Section 558.047 states that any juvenile

sentenced to life imprisonment without the possibility of parole prior to August 28, 2016, "may submit to the parole board a petition for review of his or her sentence . . . after serving twenty-five years of incarceration on the sentence of life without parole." MO. REV. STAT. § 558.047.1. The statute directs the parole board to hold a hearing to determine whether the defendant should be granted parole. MO. REV. STAT. § 558.047.4. In the hearing, the board is to consider five factors:

(1) Efforts made toward rehabilitation since the offense or offenses occurred, including participation in educational, vocational, or other programs during incarceration, when available;

(2) The subsequent growth and increased maturity of the person since the offense or offenses occurred;

(3) Evidence that the person has accepted accountability for the offense or offenses, except in cases where the person has maintained his or her innocence;

(4) The person's institutional record during incarceration; and

(5) Whether the person remains the same risk to society as he or she did at the time of the initial sentencing.

*Id.* at § 558.047.5.

Petitioner argues that the "State Court's Decision that the post-sentencing grant of a probation opportunity renders his sentence constitutional is contrary to, and an unreasonable application of, clearly established federal law in *Miller v. Alabama* and *Montgomery v. Louisiana*." (Doc. 30, p. 14.) In other words, Petitioner contends that the parole hearing provided for in § 558.047 is inadequate because the Constitution requires re-sentencing, not a parole hearing. The Court disagrees. In *Montgomery*, the Supreme Court stated that

> giving *Miller* retroactive effect, moreover, does not require States to relitigate sentences, let alone convictions, in every case where a juvenile offender received mandatory life without parole. **A State may remedy a *Miller* violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them**. . . . Allowing those offenders to be considered for parole ensures that juveniles whose crimes reflected only transient immaturity –

and who have since matured – will not be forced to serve a disproportionate sentence in violation of the Eighth Amendment.

*Montgomery*, 136 S. Ct. at 736 (citations omitted) (emphasis added). Both resentencing and offering the possibility of parole demonstrate "the truth of *Miller*'s central intuition – that children who commit even heinous crimes are capable of change." *Id.* With the enactment of § 558.047, Petitioner is no longer serving an unconstitutional sentence of life without parole. Petitioner is entitled to a parole hearing after he has served twenty-five years of his sentence. This meets constitutional standards. *See, e.g.*, *Graham*, 560 U.S. at 75 ("A State is not required to guarantee eventual freedom," but must provide "some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation.") Thus, under Supreme Court precedent, Petitioner's sentence is not contrary to or an unreasonable application of Federal law.

Petitioner also argues that "[i]n practice, the parole proceedings provided for under Section 558.047 do not afford Mr. Wolf (or others in his position) the right to counsel or other meaningful rights that are constitutionally required at sentencing, nor do they afford a meaningful and realistic opportunity for release based on a showing of maturity and rehabilitation as the constitution also requires." (Doc. 41, p. 2.) In making this argument, Petitioner relies on a recent Western District of Missouri case, *Brown v. Precythe*, No. 2:17-CV-04082-NKL, 2018 WL 4956519 (W.D. Mo. Oct. 12, 2018). In *Brown*, petitioners were each sentenced to life without the possibility of parole for crimes they committed when they were less than eighteen years old. They brought claims alleging, among other things, that Missouri's parole policies and practices violated their Eighth Amendment rights. *Id.*

Ultimately, the Honorable Nanette K. Laughrey found that "a number of [Missouri's] policies, practices, and customs combine to deprive those serving [juvenile life without parole] sentences who receive parole hearings of a meaningful opportunity to obtain release based on

demonstrated maturity and rehabilitation." *Id.* at 8. The Court then directed the Government to "present, within 60 days, a plan for compliance with applicable statutory and constitutional requirements," including "revised policies, procedures, and customs designed to ensure that all Class members are provided a meaningful and realistic opportunity for release based on demonstrated maturity and rehabilitation." *Id.* at 12.

Petitioner has served seventeen years of his sentence and thus will be eligible for a parole hearing in eight years. The Government has ample time to correct any constitutional deficiency in its parole policies and procedures. Complying with *Brown* will occur long before Petitioner's parole hearing. Any claims Petitioner brings challenging the constitutionality of his eventual parole hearing are premature. Therefore, Petitioner's request for an evidentiary hearing to determine the adequacy of the parole opportunity that Section 558.047 provides is denied.

### B. Fourteenth Amendment Equal Protection

Petitioner further argues that denying him habeas relief would violate his right to Equal Protection. Specifically, Petitioner claims he is similarly situated to the petitioner in *State ex rel. Carr v. Wallace*, 527 S.W.3d 55 (Mo. 2017), and because the petitioner in *State ex rel. Carr* was resentenced, he too is entitled to resentencing. The Court disagrees.

The Equal Protection Clause of the Fourteenth Amendment "directs that all persons similarly circumstanced shall be treated alike. . . . But so too, the Constitution does not require things which are different in fact or opinion to be treated in law as though they were the same." *Plyer v. Doe*, 457 U.S. 202, 216 (1982) (quotations and citations omitted.) In *State ex rel. Carr*, Jason Carr was sentenced to life in prison without the possibility of parole for fifty years after being convicted of three counts of capital murder for killings he committed when he was sixteen years old. 527 S.W.3d at 56. Citing *Miller*, the Missouri Supreme Court found that Carr's

sentences violated the Eighth Amendment. *Id.* at 61–62. The Court held that "Mr. Carr must be resentenced so his youth and other attendant circumstances surrounding his offense can be taken into consideration to ensure he will not be forced to serve a disproportionate sentence in violation of the Eighth Amendment." *Id.* at 56.

However, Petitioner is not entitled to relief under the Equal Protection Clause because Petitioner and Carr are not similarly situated. Petitioner was sentenced to life without the possibility of parole; Carr was sentenced to life without the possibility of parole *for fifty years*. This difference is critical because § 558.047.5 applies to "[a]ny person sentenced to a term of imprisonment for life without the eligibility for parole before August 28, 2016, who was under eighteen years of age at the time of the commission of the offense. . ." MO. REV. STAT. § 558.047.5. Therefore, § 558.047.5 did not apply to Carr, but it does apply to Petitioner. As a result, Carr may have still been serving an unconstitutional sentence, and was thus entitled to habeas relief. But Petitioner is no longer unconstitutionally sentenced. Under Section 558.047, Petitioner is parole-eligible after he has served twenty-five years of his sentence. Because Petitioner and Carr are not similarly situated, the Equal Protection Clause does not apply.

## C. Certificate of Appealability

In order to appeal Petitioner must obtain a Certificate of Appealability, which should be issued only if he "has made a substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing is established if reasonable jurists could disagree as to how the issue should be resolved. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). The Court does not believe that the issues Petitioner has raised are subject to debate among reasonable jurists, so the Court declines to issue a Certificate of Appealability.

### III.  <u>CONCLUSION</u>

For these reasons, Petitioner's request for habeas relief, (Doc. 30), is **DENIED** and the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

**Date:  March 7, 2019**